JERRY STOKES, in Error, v. THE STATE.

FROM DAVIDSON.

CRIMINAL LAW. *Evidence. Difference between competency of witness and materiality of testimony.* A reversal may be had where a competent witness has been rejected, though the materiality of his testimony does not appear in the bill of exceptions.

Cases cited: Ezell v. The Justices of Giles County, 3 Head, 583; Holmark v. Molin, 5 Cold., 482; Moffit v. The State, 2 Hum., 99; Workman v. The State, 4 Sneed, 425.

Appeal from the Criminal Court. THOS. N. FRAZIER, Judge.

P. G. S. PERKINS and O. S. GALBREATH, for Stokes.

Attorney-General HEISKELL for the State.

McFARLAND, J., delivered the opinion of the Court.

This case comes up upon an appeal from the judgment, upon a conviction for murder in the second degree.

The prisoner offered as a witness the wife of Dick Nolan. She was objected to, and held to be incompetent by the Court, upon the ground that Dick Nolan was jointly indicted with the prisoner, for the murder. A severance, however, had been had, and the prisoner was alone upon trial.

It is conceded by the Attorney-General that the

witness was competent, but it is argued that there should be no reversal, because the bill of exceptions does not show what the testimony of the proposed witness would have been, or that it would have been material, and, therefore, it does not appear that the prisoner had been injured. We are referred, in support of this position, to *Ezell* v. *The Justices of Giles County,* 3 Head, and *Holmark* v. *Molin,* 5 Cold., 482.

In the first case this Court refused to reverse on account of the rejection of certain testimony of a deceased witness; in the other, of certain declarations of a party in possession of personal property, as to the title, because it did not appear what was the character of the declarations or testimony proposed, and it was, therefore, not shown that the Court was in error. When the question is as to the competency and materiality of the *testimony* offered, it is necessary to show the character of the testimony, so that the Court may determine its competency and materiality, and there should be no reversal unless competent and material testimony has been rejected. But when the question is as to the *competency* of the witness, and the Court errs in rejecting a witness clearly competent, it has not been regarded as necessary to go further, and shew that if the party had been permitted to examine the witness, he could have proven material facts by him. Nothing else appearing, it will be taken that the witness was offered in good faith.

The difference between the cases referred to and the present, is that in these cases the question was as

to the competency and materiality of the testimony offered, and this Court could not affirm that the Circuit Judge had erred in rejecting the testimony without hearing what was proposed. Here the question · was as to the competency of the witness, and we can see clearly that the Court erred in holding the witness incompetent; the question as to the competency and materiality of the testimony was not reached or considered. It may turn out, it is true, that the witness will prove nothing, but the prisoner has the right to have the witness examined. See *Moffit* v. *The State*, 2 Hum., 99; *Workman* v. *The State*, 4 Sneed, 425.

Reverse the judgment, and remand the cause for a new trial.