MORGAN *v.* THE STATE.

(*Nashville.*   March 1st, 1888.)

CRIMINAL LAW.   *Witness.   Defendant as.   Infamy.*

A defendant in a criminal case, though laboring under sentence of in-
famy, is competent to testify in his own behalf under the Act of 1887,
Chap. 79.

Cited: Acts 1887, Chap. 79.

Case cited: Peck *v.* State, *ante,* p. 259.

FROM JACKSON.

Appeal in error from Circuit Court of Jackson
County.   JOHN A. FITE, J.

VERTREES & VERTREES for Morgan.

Attorney-General PICKLE for State.

TURNEY, C. J.   Plaintiff in error is convicted
of an assault with intent to commit murder in
the first degree, and sentenced to fifteen years in
the penitentiary.

On his trial in the Circuit Court he offered
himself as a witness.   The Attorney-General ob-
jected, and read a record of his conviction of lar-
ceny and judgment of infamy.   The Court sus-
tained the objection.

Section 1 of Ch. 79 of the Acts of 1887 pro-

vides "that in the trial of *all indictments, presentments, and other criminal proceedings* in any of the Courts of this State, the party defendant thereto may, at his own request, but not otherwise, be a competent witness to testify therein."

The statute excepts no class or character of defendants, and the courts can except none.

In *Peck* v. *The State*, at this term, in an opinion by Folkes, J., the authorities sustaining this construction are cited.

Of course the defendant who puts himself before the Court as a witness subjects himself to all the rules and ·tests of credibility, and may be impeached as any other witness. His infamy does not render him incompetent to testify, but the weight and value of his evidence are questions for the jury.

The provision that the defendant shall offer himself before any of his proof is taken is mandatory; and unless pursued, the defendant will not be permitted to testify, as held in an opinion by Judge Snodgrass at the present term. The question there argued does not arise here, as the only objection made is the one already noticed.

The impolicy and, evil results of the statute are matters for the consideration and action of the Legislature alone. So long as statutes are constitutional the Courts must perform their one duty of enforcing them.

The objection was improperly sustained. The judgment is reversed, and cause remanded.