**Charles W. TAYLOR, Appellant,**

v.

**Paul F. PEGELOW, etc., Appellee.**

**No. 9072.**

United States Court of Appeals Fourth Circuit.

Argued June 23, 1964.

Decided July 28, 1964.

Harvey B. Cohen, Arlington, Va., Court-assigned counsel (Tolbert, Lewis & Fitzgerald, Arlington, Va., on brief), for appellant.

Plato Cacheris, First Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., and MacDougal Rice, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HEMPHILL, District Judge.

HAYNSWORTH, Circuit Judge.

This habeas corpus proceeding seems to have been predestined to frustration and ultimate abortion. Innumerable difficult questions and an inordinate waste of time of judges and lawyers might have been avoided if Taylor had sought to present his question in a more appropriate forum. Such things might also have been avoided if the District Court had appointed counsel for Taylor at the hearing it granted on the petition for habeas corpus. They might still have been avoided if someone at the hearing had thought to ask Taylor whether or not he really was without counsel when convicted in the Municipal Court of the District of Columbia in 1962, the one ground he asserted as the basis of his attack upon that conviction.

None of those things were to occur and the case has proceeded on its tortuous course to a fruitless end.

On June 17, 1961, Taylor was conditionally released on a good time discharge from Lorton Reformatory, 2,866 days of his original sentences of seven to twenty-one years then remaining unserved. On February 17, 1962, he was arrested in the

District of Columbia and charged with keeping and selling whisky without a license and with carrying a deadly weapon. He was released on bail, but was rearrested on February 20, 1962, under a warrant issued by the District of Columbia Board of Parole charging him with violation of his conditional release. The whisky offense charge was nol prossed, but he was tried on April 13, 1962 and convicted of the charge of possession of a deadly weapon after having been convicted of a felony. This trial and conviction were in the Municipal Court of the District of Columbia, now known as the District of Columbia Court of General Sessions. On May 4, 1962, after a hearing in which he was represented by counsel, the Parole Board revoked the conditional release.

Taylor was thus remanded to custody at Lorton to serve concurrently a sentence of 360 days imposed upon him by the Municipal Court of the District of Columbia on the deadly weapon charge and the 2,866 days remaining unserved of the sentences imposed upon him in 1948.

In April 1963, Taylor filed a petition for habeas corpus in the District Court for the Eastern District of Virginia attacking his conviction on the weapons charge in the Municipal Court of the District of Columbia upon the ground that he was "without assistance of counsel as required by the Sixth Amendment * * " when tried and convicted in that Court. The District Court issued a rule to show cause why he should not be released and, upon an answer to the rule, held a hearing at which Taylor was present. During the course of the hearing, Taylor asked that counsel be appointed to represent him, but the request was denied, apparently, because at the time the request was made, the District Court thought the only question before it was the computation of the 1948 sentence, the 1962 sentence having been fully served. Several efforts by Taylor to

broaden the inquiry were frustrated, and, as indicated at the outset, no one inquired of Taylor as to the actual circumstances under which he was tried in 1962; that is whether or not he was actually unrepresented by counsel when tried in the Municipal Court of the District of Columbia or was without effective assistance of counsel as Taylor alleged in his later response to the Warden's answer.

At the conclusion of the hearing, the District Court denied the petition for habeas corpus upon the ground that the 360-day sentence imposed by the Municipal Court had been fully served and his only remedy was a reapplication to the Parole Board of the District of Columbia for parole.

When the case came up to this Court we appointed counsel to represent Taylor. The attorney requested of the Court a transcript of the trial in the Municipal Court of the District of Columbia. Since it was asserted that the parole revocation on May 4, 1962 was entered as a matter of routine based upon the Municipal Court conviction on April 13, 1962, the validity of that conviction appeared to be crucial to the revocation of his parole or any further review of his continued confinement by the Parole Board without the encumbrance of the 1962 conviction. It thus appeared, as a preliminary matter, that the judgment of the Municipal Court might be such a present burden to Taylor that it ought to be vacated if it was not valid. Since the court-appointed counsel came into the case only upon this appeal, the necessity of a transcript of the proceeding under attack seemed plainly apparent.[1]

We undertook to procure a transcript of the proceedings in the Municipal Court. The Comptroller General of the United States ruled that the District of Columbia Court of General Sessions was not a district court within the meaning of the statute authorizing preparation of transcripts at government expense.[2] After expending a great deal of effort

1. Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331.

2. 28 U.S.C. § 753(f).

to procure a transcript at government expense, the Court arranged itself to finance the cost of the transcript.

After so much controversy about the transcript of the trial in the Municipal Court, it then developed that there were no stenographic or other notes which could be transcribed. There were stenographic notes of a pretrial motion to suppress as evidence the pistol, the possession of which had been charged to Taylor. That motion had been denied after a hearing in which Taylor was represented by counsel. A transcript of that proceeding was prepared and furnished to Taylor's newly appointed counsel and paid for with funds provided by this Court.

Inexplicably, it now appears that the records of the Municipal Court of the District of Columbia indicate that Taylor was represented by counsel at the time of his trial and conviction in 1962.[3]

As indicated at the outset, this proceeding has been a comedy, except that is not the right word, of errors. From Taylor's point of view, it has resulted in long and unnecessary delay in the resolution of whatever question he has to present. From the point of view of the Court, the attorneys, the Comptroller General, and the Administrative Office of the United States Courts, it has required the expenditure of much time and effort to no avail. It all could have been avoided if Taylor had filed his petition in the Municipal Court of the District of Columbia which imposed the sentence he seeks to attack, and probably could have been avoided had counsel been appointed for him in the District Court or had some careful inquiry been directed at the hearing to the merits of his petition and not restricted wholly to procedural objections to their consideration.

It is now plain, however, that any further proceedings should be conducted in the District of Columbia Court of General Sessions, formerly the Municipal Court.

While 28 U.S.C. § 2255 may, itself, have no application to post conviction proceedings in that Court, it has been strongly indicated that the Court of General Sessions (Municipal Court) has the inherent power to set aside its prior judgments which subsequently are shown to be invalid. Ingols v. District of Columbia, 103 A.2d 879. Proceedings in that Court would have avoided all the difficulty that has been encountered here in ascertaining what happened in the Municipal Court and in obtaining a transcript of the record of its proceedings.[4] Moreover, we are confronted with a jurisdictional question, which ought to be avoided.

If the 1962 conviction in the Municipal Court was invalid, and if that conviction, itself, was the basis of the parole revocation, the conviction should be vacated and Taylor given an opportunity to reapply for parole without the burden and disadvantage of that conviction. On the other hand, the Parole Board had the power, on the basis of its own appraisal of the charges made against Taylor in February 1962, to revoke his conditional release whether or not he was convicted upon those charges in the Municipal Court, or even though an actual conviction can now be said to be constitutionally invalid.

█ This Court has no power to vacate a judgment of the Municipal Court of the District of Columbia over which it has no supervisory jurisdiction. This Court can only order Taylor's release, a remedy which seems inappropriate to the situation.

3. In light of the summary record of the trial in the Municipal Court, it is unclear whether Taylor's petition charges that he was wholly without counsel, in which event either the record is in error or he has perjured himself, or whether his papers merely charge that he was without the effective assistance of counsel, in which event his papers disclosed no amplification of the charge of ineffectiveness.

4. Of course, if there was no reporter present at the actual trial, no transcript of that trial can be produced today in any court.

Since all of these problems may be avoided by a proceeding in the District of Columbia Court of General Sessions, we think any further inquiry should be in that Court rather than in the District Court for the Eastern District of Virginia. The case illustrates, however, the unfortunate consequences which sometimes ensue from misconstruction of an inartfully drawn petition and its thrust. If Taylor had been supplied with counsel in the District Court, if, without counsel, he had been allowed to explain his purpose and his theory, if there had been brief inquiry of him as to the merits of his claim, indeed, if we in this Court had taken the time to foresee all the problems that lay ahead, this case, predestined to abortion, might have been aborted much earlier with great benefit to everyone concerned.

Dismissal of the petition for habeas corpus, therefore, should be affirmed without prejudice to anything that Taylor may choose to present to the District of Columbia Court of General Sessions respecting his 1962 conviction in that Court.

Affirmed.