## HENRY CLAY MONTS, Petitioner, v. STATE OF TENNESSEE, Respondent.

### 455 S.W.2d 627.

Court of Criminal Appeals of Tennessee. Jan. 22, 1970.

Certiorari Denied by Supreme Court June 1, 1970.

Bruce Kelley, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

HYDER, Judge.

This is an appeal from the dismissal of a petition for post-conviction relief without an evidentiary hearing. The petitioner is represented by court appointed counsel.

Petitioner was convicted of murder in the first degree in 1964, and he was sentenced to one hundred fifty years in the penitentiary. This judgment was affirmed by the Tennessee Supreme Court. Monts v. State, 218 Tenn. 31, 400 S.W.2d 722. This conviction followed a previous conviction for the same offense, that conviction having been reversed and remanded by the Supreme Court. Monts v. State, 214 Tenn. 171, 379 S.W.2d 34.

On October 22, 1968, the petitioner filed a petition for post-conviction relief in the Criminal Court of Shelby County. In this petition there are alleged two grounds for relief:

1. That petitioner's constitutional rights to a fair and

impartial jury and trial were violated by excessive publicity prior to and during the trial.

2. That the jury did not represent a cross section of the community in that all jurors who stated that they were opposed to the death penalty were challenged for cause by the prosecution.

The State filed a motion to strike the petition, in which motion the State suggests that the trial court did not have jurisdiction to hear the petition since the petitioner had a petition for habeas corpus pending on appeal in the United States Circuit Court of Appeals for the Sixth Circuit.

Counsel appointed to represent petitioner moved the court that his client be transferred from the penitentiary to Shelby County in order that he might confer with him and, if necessary, amend the petition filed. This motion was denied by the trial court.

On January 31, 1969, the trial court sustained the motion to strike filed by the State. In that order the trial court stated that it was without jurisdiction to hear the cause since the petitioner had a petition for habeas corpus pending in the United States Court of Appeals for the Sixth Circuit.

Petitioner has filed two assignments of error. The first assignment contends that it was error for the trial court to grant the State's motion to strike on the basis that the court did not have jurisdiction of the petitioner because of the fact that he had pending on appeal a petition for habeas corpus in the United States Circuit Court of Appeals. The second assignment of error contends that the trial court erred in refusing to order the petitioner to be

returned to Shelby County so that he could be present when the motion to strike was heard.

■ We are of the opinion that the fact that the petitioner did have pending on appeal in the United States Circuit Court of Appeals a petition on for a writ of habeas corpus did not deny jurisdiction to the trial court to consider this petition.

The State, in its Reply Brief, acknowledges that no authority had been found to support the trial judge's ruling that he had no authority to consider the post-conviction petition while the Federal habeas corpus petition was pending. The State takes the position, however, that the petition should have been dismissed without an evidentiary hearing for other reasons, and that the dismissal of the petition should be sustained. Therefore we have considered the petition and this record to determine whether it was error for the trial judge to dismiss the petition without an evidentiary hearing; recognizing that the basis for his dismissal was erroneous. Still, if we find that the dismissal was right and proper from our review, we do not believe that we would be required to reverse the action of the trial judge.

The first ground for relief stated in this petition is:
"That the petitioner's constitutional rights to a fair and impartial jury and trial as guaranteed by both the constitutions of the State of Tennessee (Article # I-Section # 9) and the United States (Amendment Six) were violated by excessive newspaper, radio, television, and magazine publicity prior to and during the trial upon this said charge."

■ ■ Petitioner does not allege that his retained

counsel moved for a change of venue due to the excessive publicity, nor does he contend that the trial court was asked to order or direct a limitation on publicity before or during the trial. In fact his statement in the petition amounts to an unsupported conclusory allegation. Our Federal Courts have held that when a motion is made to vacate or set aside a judgment the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing. O'-Malley v. United States, 285 F.2d 733 (C.A. 6). We do not feel that the unsupported conclusory allegation in this petition requires an evidentiary hearing.

■ The second ground for relief in the petition contends that petitioner was denied his right to a fair and impartial trial because the jury did not represent a cross-section of the community. He alleges that all members of the jury panel who stated that they were opposed to the death penalty were challenged for cause by the prosecution. Petitioner comments at length on this ground for relief, saying that the procedure followed produced a jury uncommonly willing to condemn a man to die, and even though they did not return a death sentence they nevertheless imposed a sentence longer than any ever imposed in this State for an offense of this sort.

The conviction of the petitioner was long before the United States Supreme Court decided Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), which decision the petitioner cites and relies upon. And since the petitioner did not receive the death penalty we do not believe that decision would be ap-

plicable in any event. We do not believe that this allegation requires an evidentiary hearing.

As we have stated, the first assignment of error contends that the trial judge erred in dismissing the petition on the ground that petitioner had another petition for habeas corpus pending in the Federal Courts. We have stated that we do not agree with the reason given by the trial judge, but we do agree with this action and result. The second assignment of error complains that it was error for the trial judge to dismiss the petition without allowing the petitioner the right to be present when the State presented its motion to strike. We do not agree.

Our Supreme Court said, in State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635:

"It is elementary that a habeas corpus petition may be dismissed without a hearing, and without the appointment of counsel for a hearing, unless it alleges facts showing the denial of state or federal constitutional rights or some fatal jurisdictional fault."

We do not believe that the Post-Conviction Procedure Act requires the presence of the petitioner for the trial judge to dismiss the petition. Section 40-3809 of the Tennessee Code Annotated provides in part:

"When the petition has been competently drafted and all pleadings, files and records of the case which are before the court conclusively show that the petitioner is entitled to no relief, the court may order the petition dismissed."

We are of the opinion that this was done in the instant

case and that the action of the trial judge was correct though for reasons other than stated by him.

We have reviewed the record, the petition, and the brief and assignments of error, and we are of the opinion that the order dismissing the petition should be affirmed.

The judgment is affirmed.

We express our appreciation to counsel appointed in this case for his capable representation of petitioner.

RUSSELL and MITCHELL, JJ., concur.