**George CURETON, Petitioner,**

v.

**Lewis S. TOLLETT, Warden, Respondent.**

Court of Criminal Appeals of Tennessee.

Sept. 15, 1971.

Certiorari Denied by Supreme Court

Feb. 7, 1972.

John H. Cary, Knoxville, for petitioner.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, for respondent.

## OPINION

O'BRIEN, Judge.

Petitioner, George Cureton, appeals from dismissal of his petition for Post-Conviction Relief without an evidentiary hearing.

Petitioner was convicted of armed robbery and sentenced to ten years in the Penitentiary. An appeal was effected .and the judgment affirmed by this court.

The petition filed in the lower court avers:

(1) That petitioner's constitutional rights have and are being violated, and he is denied "due process" and "equal protection" of the law in that he was denied a complete and legal appellate review due to the negligence of a State Agent. The transcript and bill of exceptions being incomplete because it did not contain

the closing argument of the prosecution which contained prejudicial statements not supported by evidence or testimony, and therefore these prejudicial remarks were not considered by the appellate court.

(2) That the transcript did not satisfy the requirements of TCA ————, which states; trial transcript must include closing arguments. That the adverse inferences and prejudicial misconduct by the State during closing arguments serve to inflame the jury. And that the failure to receive a complete appellate review of the trial proceedings was due to the negligence of the court reporter or court clerk in preparing the transcript and/or bill of exceptions.

Seven assignments of error are made, six of which attack the trial court's error in application of the provisions of the Post-Conviction Procedure Act, TCA Secs. 40–3801 through 40–3824. The 2nd assignment of error alleges an abridgment of petitioner's constitutional rights, and violation of due process under the 14th Amendment to the Constitution, attributable to the trial court's error in refusing to appoint counsel for petitioner in the court below.

A reading of this record makes it apparent that several erroneous assumptions have been made regarding the requirements, procedure, and application of the Tennessee Post-Conviction Procedure Act.

In the first instance, there is nothing in this record to indicate that petitioner's conviction was void or voidable because of the abridgment in any way of any right guaranteed by the Constitution of this State or the Constitution of the United States. (TCA Sec. 40–3805.)

■ The simple fact that the bill of exceptions did not include the closing argument of counsel in toto is certainly not such an abridgment. The trial court found that petitioner was represented at his original trial by able and competent counsel.

The record does not disclose whether or not this counsel was privately retained. For the purpose of this appeal it does not make any difference. Had his counsel been court appointed, he would have been entitled to no better representation than he might have been able to obtain otherwise. In the course of a trial, many legal situations occur which present choices in many directions. The lawyer must decide which course to take. He is not required to be infallible. See State ex rel. Leighton v. Henderson, Tenn.Crim.App., 448 S.W.2d 82.

■ Nor can any act of negligence be attributed to the Criminal Court Clerk or the Court Reporter at petitioner's original trial. There is no indication that petitioner was indigent at that trial. Even so, he would not be entitled to any more adequate and effective appellate review than an individual with the funds to provide his own transcript. In Draper v. Washington, citing Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, the United States Supreme Court said:

"........ Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. In the examples given, the fact that an appellant with funds may choose to waste his

money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review. In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds—the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions." Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).

The petitioner had an adequate appellate review of his original trial proceedings, based on the calculated conclusions of able and competent trial counsel who, as such, was required to make the decisions on what to include in the appeal. Petitioner is entitled to no more in the absence of an abridgment of some constitutional right.

The 1st assignment charges error to the trial court in· refusing to appoint counsel pursuant to TCA Secs. 40–3821, 40–2017 and 40–2019 (Supplement 1970). Assignment No. 2 contends this failure is a constitutional violation of the 6th and 14th Amendments.

TCA Sec. 40–3821, only prescribes that indigency shall be determined and counsel and court reporters appointed and reimbursed as now provided for criminal and habeas corpus cases by Secs. 40–2014–40–2043. TCA Sections 40–2017 and 40–2019, are Procedural Statutes which prescribe the manner and procedure for appointment of counsel in certain designated cases. We know of no holding that it is necessary to appoint counsel in every case where a petition is filed under the Post-Conviction Procedure Act. TCA Sec. 40–3821 does not require it.

In Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 750, 21 L.Ed.2d 718, the following is found:

"In most federal courts, it is the practice to appoint counsel in post-conviction proceedings *only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing. E. g.,* Taylor v. Pegelow, 335 F.2d 147 (C.A. 4th Cir. 1964); United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (C.A.2d Cir. 1964). See 28 U.S.C. § 1915(d); R. Sokol, A Handbook of Federal Habeas Corpus 71–73 (1965)." (emphasis added)

 Appointment of counsel under the Post-Conviction Procedure Act is governed by TCA Sec. 40–3809. Under this section the trial judge of the court in which a petition is filed has certain functions to perform. He must examine the petition to .determine if it has been competently drafted. He must then decide what further steps, if any, must be taken to achieve substantial justice and a full, fair hearing of all available grounds for relief. When these judicial duties have been accomplished, then it is within his prerogative to dismiss the petition if he conclusively finds that the petitioner is entitled to no relief. If the petition fails to show an abridgment of a constitutional right; or if the grounds stated by petitioner have been waived or previously determined as defined in Sec. 40–3812, there is no necessity for appointment of counsel. The assignments are overruled.

The 3rd assignment charges the trial court with error in summarily dismissing the petition without first giving petitioner the opportunity, with the aid of counsel, to file an amended petition in conformity with the prescribed form of procedure set forth in TCA Sec. 40–3807 and 40–3815.

There is no indication in this record that the petition was dismissed for failure to follow the prescribed form or procedure (TCA Sec. 40–3807), or that the petition was dismissed for any technical defect, in-

completeness or lack of clarity (TCA Sec. 40–3815), therefore this assignment is overruled.

◼ Assignment No. 4 contends error was committed in summarily dismissing the petition without a hearing, where the record failed to show conclusively that petitioner was entitled to no relief. Assignment No. 7 complains of the trial court's alleged failure to state its finding of fact and conclusions of law with regard to each ground of the petition. (TCA Sec. 40–3818.)

We do not find this contention sustained by the record. The technical record contains a full and comprehensive "Order Dismissing Petition", setting forth his findings of fact and conclusions of law. We are bound by the finding of the trial court unless the evidence preponderates against his finding. See Mitchell v. State, Tenn. Crim.App., 458 S.W.2d 630.

We have previously disposed of assignment of error No. 5 in our preliminary remarks relative to an appellant's right to a full transcript. The assignment is overruled.

◼ Assignment No. 6 charges error in dismissing the petition without the filing of a responsive pleading by the District Attorney and without the filing by the District Attorney of the parts of the records or transcripts material to the question raised in the petition. We have held that no question was raised in the petition which had not been either previously determined, or waived by failure to raise the issue on the original appeal; or that constituted any abridgment of petitioner's constitutional rights, therefore the trial court properly dismissed the petition under the provisions of TCA Sec. 40–3809.

This court has previously held that:

"Because of the limited pleading capabilities of lay applicants, it is not expedient for courts to undertake to evaluate applications filed pro se by such persons.

The trial court will be better able to understand the nature of the grievance asserted and to determine the proper method of proceeding after a responsive pleading has been filed and the pertinent record has been brought into focus. It is preferable, therefore, that trial courts make it clear that responsive pleadings are expected as of course. The Post-Conviction Procedure Act requires the Clerk to forward a copy of the petition to the District Attorney General when the petition is filed.

Judicial action may be postponed until the respondent has filed a response and the petitioner has had time to reply. The assistance of the District Attorney General may be very valuable to the trial judge, not only in understanding the nature and merit of the contentions, but also in bringing together the files and records in the case. It is necessary that the pleadings, files and records in the case which are before the court conclusively show that the petitioner is entitled to no relief before the trial court may order the petition dismissed. The record on which the trial judge bases his conclusions of law will facilitate appellate review." (Opinion by Judge Walker, Charles Lee Brown v. State of Tennessee, 1969.)

We consider the foregoing statement to be a pertinent analysis of the requirements of the Post-Conviction Procedure Act and we commend it to the trial courts as a guideline.

The enormous burden imposed on the trial judge by the provisions of TCA Sec. 40–3809 requires great caution in the exercise of these functions, and the statute should be considered in complete correlation with the provisions of Sec. 40–3807 and 40–3815.

The Act was enacted for the purpose of providing an expeditious remedy and course of action, to assure protection of constitutional rights to petitioners, and for

the airing of meritorious petitions. Adherence to the admonition set forth in *Charles Lee Brown*, supra, wll serve to terminate litigation and avoid the requirement of consideration of second or successive applications for similar relief; providing a fair, effective system of review in meritorious cases, and providing a greater likelihood of achieving finality in Post-Conviction cases by greater clarity of the trial court records.

We do not find error in the proceedings below and the judgment of the trial court is affirmed.

OLIVER and DWYER, JJ., concur.

OLIVER, Judge (concurring).

I concur in the result reached by the majority. However, it is considered that the following further observations are appropriate and should be included.

According to the record of the direct appeal to this Court prosecuted by the petitioner and his brother, Charles Alfred Cureton, both of them were duly adjudged to be indigent by the trial court and they were represented in their trial and appeal to this Court by court-appointed counsel.

This petitioner has not raised the question of improper jury argument by the District Attorney General prior to his purely conclusory statements contained in his present post-conviction petition. He did not raise that question in his motion for a new trial nor in his direct appeal to this Court. This is not to say, however, that failure to raise this matter during his original trial and direct appeal forever precludes all right of subsequent complaint and judicial review.

However, considering this case in its totality, I agree that this petition does not bring that question within the rule established by this Court in David Lee Schoonover v. State, Hamilton Criminal # 10, decided May 15, 1968, and Isaac Bailey and Leonard Robinson v. State, Hamilton

Criminal # 55, decided October 1, 1968 (both opinions unpublished). See also: Green v. State, Tenn.Crim.App., 450 S.W. 2d 27 (concurring opinion).

This Court has previously held that various provisions of the Post-Conviction Procedure Act are mandatory. In Brown v. State, Tenn.Crim.App., 445 S.W.2d 669, it was said:

"In prescribing the duties of the clerk (T.C.A. § 40–3806), the District Attorney General (T.C.A. § 40–3814), and the trial court (T.C.A. § 40–3818), in the above-quoted provisions of the Post-Conviction Procedure Act, the Legislature in each instance by use of the word 'shall' clearly indicated its intention to make the specified duties of those respective officials mandatory, and not merely directory or discretionary. Without the directed participation of the District Attorney General in these proceedings, the State is unrepresented; and this, in and of itself, may be prejudicial to the petitioner, considering the specified duties of the District Attorney General. Without a clear and detailed finding of fact by the trial judge, the petitioner and his counsel and the appellate court are at a complete loss to know the basis of the trial judge's decision and judgment; assignment of errors and appellate review are seriously frustrated if not completely thwarted by lack of a definitive finding of fact by the trial judge. These official shortcomings alone would require reversal of the judgment of the trial court and remand for a new trial upon the petition."

Historically, our Supreme Court has adhered to the general rule that the word "shall" ordinarily must be regarded and construed as expressing an unyielding mandate, and not as being merely directory or discretionary, when used in constitutions and statutes. Rounds v. State, 171 Tenn. 511, 106 S.W.2d 212; Louisville & Nashville R. Co. v. Hammer, 191 Tenn. 700, 236 S.W.2d 971; Morgan v. State, 86 Tenn.

472, 7 S.W. 456 (1888); Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656.

In Parker-Harris Company v. Tate, 135 Tenn. 509, 520, 188 S.W. 54, 57, the Court made this significant statement of law:

"It is a rule of statutory construction that where the same word is used in a statute more than once, and the meaning is clear at one place, it will ordinarily be construed to have that meaning elsewhere in the act. 2 Lewis' Suth.Stat. Constr. (2d Ed.) p. 758."

"So long as statutes are constitutional, the courts must perform their one duty of enforcing them." Morgan v. State, supra.