**Charles Otis SOWELL, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 11, 1986.

Permission to Appeal Denied by Supreme Court Nov. 10, 1986.

Susan L. Kay, Vanderbilt Legal Clinic, Vanderbilt Law School, Nashville, Robert Lee Holloway, Jr., Columbia, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Bobby Sands, Asst. Dist. Atty. Gen., Columbia, for appellee.

## OPINION

O'BRIEN, Judge.

This is an appeal from dismissal of a post-conviction petition in the Maury County Criminal Court without an evidentiary hearing or appointment of counsel.

On April 20, 1983 petitioner entered guilty pleas to a two count indictment for aggravated rape and simple robbery. Under the plea agreement the State recommended a sentence of fifty (50) years for aggravated rape and ten (10) years for robbery, to be served consecutively.

On November 7, 1983, a pro se petition for post-conviction relief was filed alleging that the aggravated rape statute was unconstitutionally overbroad and vague in its proscription and failed to place a defendant upon notice of the conduct which was prohibited. On June 26, 1984 a pro se notice of appeal was filed, although for some reason, not developed in the record, the order dismissing the post-conviction petition was not filed until March

14, 1985. The trial judge dismissed the petition under the authority of *State v. Wilkins*, 655 S.W.2d 914 (Tenn.1983), in which the Supreme Court held that the statute gives adequate notice of conduct proscribed, and was not unconstitutionally vague. The court found *Wilkins* applicable under the facts apparent in this case.

A second issue raised in the petition is that the indictment charging the appellant with the offenses of aggravated rape and armed robbery in two separate counts was defective because armed robbery is a lesser included offense of aggravated rape. There is of course no merit to that complaint. They are separate and distinct statutory offenses requiring separate elements of proof to make out each offense.

Despite the unusual circumstances in the succession of pleadings and orders in the court below, the case came on to this Court in due course where counsel was appointed to represent petitioner on the appeal. We are of the opinion the trial judge acted correctly in dismissing the petition however, in order to place the case in its proper perspective we respond to the arguments raised in petitioner's brief, the first of which is that the post-conviction petition was not competently drafted.

In reference to that charge, the appropriate procedure to be followed under the provisions of the Post-Conviction Procedure Act is set out in Title 40 of the Criminal Code. T.C.A. § 40–30–106 prescribes the mandatory duties of the trial court clerk when a petition has been filed, among which is to mail or forward a copy of the petition to the District Attorney General. T.C.A. § 40–30–114 *requires* the District Attorney General to represent the State and respond by proper pleading on behalf of the State within thirty (30) days after receiving notice of the docketing of the petition. If the petition does not include the record or transcripts material to the questions raised he is empowered to obtain them at State expense and *shall* file them with the responsive pleading. A cursory glance at the notes to decisions to the various code sections will verify that the appellate courts have time after time called attention to the mandatory procedures to be followed in processing petitions due to the failure to follow the prescribed form or procedure, T.C.A. § 40–30–107. The trial judge obviously was of the opinion the petition had been competently drafted and conclusively showed that the petitioner was entitled to no relief. T.C.A. § 40–30–109. It is not necessary that a petition be drafted by a licensed attorney in every case. Nor is there any duty imposed upon the trial judge to search for some possible, speculative, constitutional challenge not raised in the petition. In *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969), the following is found:

"In most federal courts, it is the practice to appoint counsel in post-conviction proceedings *only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing.* E.G., *Taylor v. Pegelow*, 335 F.2d 147 (C.A. 4th Cir.1964); *United States ex rel. Marshall v. Wilkins*, 338 F.2d 404 (C.A.2d Cir.1964). See U.S.C. § 1915(d); R. Sokol, A Handbook of Federal Habeas Corpus 71–73 (1965)." (Emphasis added).

However, in *Cureton v. Tollett*, 477 S.W.2d 233, 237 (Tenn.Cr.App.1971) this Court suggested the following guidelines:

"Because of the limited pleading capabilities of lay applicants, it is not expedient for courts to undertake to evaluate applications filed pro-se by such persons. The trial court will be better able to understand the nature of the grievance asserted and to determine the proper method of proceeding after a responsive pleading has been filed and the pertinent record has been brought into focus. It is preferable, therefore, that trial courts make it clear that responsive pleadings are expected as of course. The Post-Conviction Procedure Act requires the Clerk to forward a copy of the petition to the District Attorney General when the petition is filed.

Judicial action may be postponed until the respondent has filed a response and the petitioner has had time to reply. The

assistance of the District Attorney General may be very valuable to the trial judge, not only in understanding the nature and merit of the contentions, but also in bringing together the files and records in the case. It is necessary that the pleadings, files and records in the case which are before the court conclusively show that the petitioner is entitled to no relief before the trial court may order the petition dismissed. The record on which the trial judge bases his conclusions of law will facilitate appellate review." (Opinion by Judge Walker, Charles Lee Brown v. State of Tennessee, 1969)."

■ Petitioner's brief contains the comment that the record of the guilty plea proceeding indicates that petitioner stated he was intoxicated at the time the offense was committed, yet the court made no inquiry into his sanity or capacity. This is not an exact quotation from the record which indicates defendant was asked if he was under the influence of alcohol or drugs at the time of the guilty plea or at the time the offense occurred. The response to the first part of the question was in the negative, defendant only said that he had been drinking at the time the offense occurred. There is no indication he was intoxicated and the court did inquire if he had ever been treated for any mental disease or mental illness and if he had ever been admitted to a mental hospital. Motions had been filed in the case for psychiatric examination but trial counsel's interviews with defendant led him to the impression, based on his experience, that defendant was competent to stand trial and competent at the time of the offense.

Moreover, the record before us includes the transcript of defendant's guilty plea proceedings, although there is no order in the record directing the transmission of the transcript which was filed several months before counsel was appointed. This transcript indicates that the trial judge meticulously followed the requirements of Tenn. R.Crim.P. 11(c) and *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977), specifically advising defendant and inquiring to insure that his guilty plea was voluntarily and under-

standingly made. The foregoing rule and the mandate of *Mackey*, supra, impose stricter standards than those prescribed in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), for the preservation of a defendant's constitutional rights.

■ There is a further complaint in defendant's brief in reference to the severity of the sentence agreed upon on the State's recommendation at the guilty plea submission. The complaint goes to the length of time to be served prior to parole eligibility. This would not be an abridgement of any constitutional right unless in some way it could be assumed to be a reference to incompetency of counsel. We mention it only because of the erroneous statement that if petitioner went to trial and received the maximum on both counts he would be eligible for parole after thirty-six (36) years. T.C.A. § 39–2–603(b) fixes the penalty for aggravated rape at imprisonment in the penitentiary for life or for a period of not less than twenty (20) years. There is no limit to the number of years to which a defendant could be sentenced for the offense. See T.C.A. § 40–35–109(d)(1). While there was some confusion evident in the dialogue between the court and the defendant about the number of years involved in the minimum sentence for aggravated rape, it did not affect the sentence imposed which was correctly stated by the trial judge in accordance with the recommendation of the State and the negotiated plea agreement.

■ The brief also states an erroneous conclusion about the extent of defendant's criminal record to make him subject to consideration as an habitual criminal. The record unequivocally shows defendant's conviction of four felonies enumerated in T.C.A. § 39–1–801, defining the status of an habitual criminal, even though the convictions in this case were to be classified as one offense for the purpose of the habitual criminal statutes.

■ This review of the issues raised in defendant's brief makes it clear there was no error on the part of the trial court in

exercising the discretion to dismiss the petition without the appointment of counsel or the addition of any amendment. The only valid issue raised was a legal question which has been decided adversely to defendant's contention by the case law of this State.

We affirm the judgment of the trial court.

DUNCAN, J., and SAM BOAZ, Special Judge, concur.