# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## DAVID JOHNSON HARTSELL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Washington County**
**No. 29257    Lynn Brown, Judge**

**No. E2003-03080-CCA-R3-PC**
**May 28, 2004**

The petitioner, David Johnson Hartsell, appeals the order of the Circuit Court for Washington County dismissing his post-conviction relief petition. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition fails to present a cognizable claim for relief. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J, delivered the opinion of the court, in which JOSEPH M. TIPTON AND JAMES CURWOOD WITT, JJ., joined.

David Johnson Hartsell, Petros, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; and Joe Crumley, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

According to his petition and his brief on appeal, the petitioner was convicted pursuant to guilty pleas of three counts of felony driving under the influence of an intoxicant and two counts of failure to appear in court. On May 12, 2003, he received five consecutive one-year sentences. No direct appeal was apparently taken. On August 12, 2003, the petitioner filed an unsworn petition in which he requested that the court grant him a hearing and post-conviction relief based only on the "mitigating facts and circumstances in [his] cases and in his families (sic) life." In a preliminary order, the post-conviction court summarily dismissed the petition, finding that it failed to set forth

any verified facts to establish a colorable claim for relief. The court further denied the petitioner's motion for appointment of counsel. The instant appeal followed.[1]

"A clear but patently non-meritorious petition may be dismissed summarily,"without the appointment of counsel or an evidentiary hearing." Rickman v. State, 972 S.W. 2d 687, 692-3 (Tenn.Crim.App. 1997), quoting Martucci v. State, 872 S.W.2d 947, 949 (Tenn.Crim.App.1993); Cureton v. Tollett, 477 S.W.2d 233, 236 (Tenn.Crim.App.1971). A petition sets forth a colorable claim if it alleges facts showing that the conviction resulted from an abridgment of a constitutional right and demonstrates that the ground for relief was not previously determined or waived. Rickman, 972 S.W. 2d at 693. See also, Tenn. Code Ann. §40-30-204(e). In the present case, the petitioner failed to allege in his petition any facts at all in support of his general request for relief from his convictions and sentences. This court concludes that the trial court properly dismissed the petition.

Accordingly, the state's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE

---

[1] It appears that the notice of appeal is untimely filed. The order of dismissal was filed on October 28, 2003. Notice of appeal, although signed by the petitioner on November 27, 2003, was not filed until December 15, 2003. There is no evidence that the notice was delivered to prison authorities for mailing to the trial court clerk's office within the time fixed for filing and is thereby deemed timely filed. See Tennessee Supreme Court Rule 28(g); Rule 20(g), T.R.A.P. In view of the petitioner's pro se status and the lack of a motion to dismiss by the state, the court concludes that the filing of the notice of appeal should be waived in the interest of justice. See Rule 4(a), T.R.A.P.